# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV-05 - 8508 PSG (FMOx) |
| Date | April 25, 2007 |
| Title | Aaron Benay, et al. v. Warner Bros. Entertainment, et al. |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                    Not Present

**Proceedings:** **In Chambers - Order Denying Defendant's Motion for Partial Summary Judgment filed 10-31-06**

This matter comes before the Court on Defendants' Partial Motion for Summary Judgment on Plaintiffs' second cause for action for breach of implied contract. On December 5, 2005, Plaintiffs filed a complaint against Defendants Warner Brothers Entertainment, Radar Pictures, Inc., Bedford Falls Productions, Inc., Edwards Zwick, Marshall Herskovitz, and John Logan (collectively "Defendants"). Plaintiffs later filed a First Amended Complaint ("FAC") alleging three causes of action: (1) copyright infringement; (2) breach of implied contract; and (3) intentional interference with prospective economic advantage. Following dismissal of the third cause of action by the Court's July 20, 2006 Order, Defendants now move for partial summary judgment solely on the breach of implied contract claim.

I. BACKGROUND

The instant dispute involves the motion picture *The Last Samurai* ("*The Last Samurai*" or the "Film"), produced, marketed and distributed by Defendants and publicly released on December 5, 2003. (Defendant's Statement of Undisputed Facts and Conclusions of Law, hereinafter "Def.'s SF," ¶ 1).

Plaintiffs are two brothers, Aaron and Matthew Benay ("Plaintiffs"), who claim that prior to 1999, they developed a screenplay entitled "The Last Samurai" ("Screenplay"), registered with the Writers Guild of America in 1999 (registration no. 131861-01) and with the copyright office on February 23, 2001 (registration no. PA u 2-569-386). (Benay Dec., ¶ 2; FAC, ¶¶ 15-17). Plaintiffs allege that on May 9, 2000, their agent orally pitched the Screenplay to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV-05 - 8508 PSG (FMOx)            Date    April 25, 2007

Title        Aaron Benay, et al. v. Warner Bros. Entertainment, et al.

Defendants The Bedford Falls Company ("Bedford Falls"), Herskovitz and Zwick. (Benay Dec., ¶ 3; FAC, ¶ 18). On May 16, 2000, Plaintiffs' agent allegedly submitted the written Screenplay to Defendants in response to their expressed interest and later Defendants informed Plaintiffs they were not interested in producing the work. (Benay Dec., ¶ 3; FAC, ¶ 19).

On February 24, 2002, a major industry publication published an announcement that production would begin on a film entitled *The Last Samurai* starring Tom Cruise. (Benay Dec., ¶ 4; Hedges Dec., Ex. O). On October 30, 2002, Plaintiffs' attorney Glen Kulik sent a letter to Bedford Falls stating:

> [S]ince there is good reason to question the origin of your script, which has destroyed the potential market value of an important piece of work that took [Plaintiffs] years to create and develop, they fully intend to investigate the matter throughly and to pursue their rights in court if necessary. We ask that you provide us with written proof, if you can, that your current project in its present incarnation was created prior to the submission of the Benay Brothers' screenplay to Bedford Falls in May 2000. . . .[1]

(Def.'s SF, ¶ 2; Hedges Dec., Ex. C at 33).

On December 5, 2005, exactly two years after the widespread public release of *The Last Samurai*, Plaintiffs filed their complaint. Defendants now move for partial summary judgment solely on the breach of implied contract cause of action.

II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party

---

[1] Plaintiffs object to the letter as inadmissible under Fed. R. Evid. 408, which prohibits the use of settlement discussions to show liability. Plaintiffs objection is overruled. Defendants do not introduce the letter to show liability; rather, they use it to show when the statute of limitations began to run.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV-05 - 8508 PSG (FMOx) | Date | April 25, 2007 |
| Title | Aaron Benay, et al. v. Warner Bros. Entertainment, et al. | | |

satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *Id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *Anderson,* 477 U.S. at 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. Fed. R. Civ. P. 56(e).

III. **DISCUSSION**

    *A.*   *Statute of Limitations for Breach of Implied Contract*

Under California law, an action for breach of implied contract not founded upon an instrument of writing is governed by a two-year statute of limitations. See Cal. Civ. Proc. Code § 339(1). When exactly that two-year statute begins to run, however, can be a contentious issue. The general rule is that a suit for breach of an implied contract accrues at the time of the breach. *In re Estate of Fincher,* 119 Cal.App.3d 343, 352 (1981); 3 Witkin Cal. Proc. Actions § 459 (4th ed.1996). However, under certain circumstances, accrual is postponed until the time of discovery of, or opportunity to discover the facts. *Id.* at § 463.

    *B.*   *Discussion*

Plaintiffs filed the Complaint on December 5, 2005, exactly two years after the release date of *The Last Samurai.* If the breach of implied contract claim accrued on the date of release, Plaintiffs' claim is not barred by the two-year statute of limitations. If, as Defendants argue, the cause of action accrued before the release date, then the breach of implied contract claim is barred, and summary judgment must be granted.

Defendants urge that the action is barred by the statute of limitations of Cal. Code Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV-05 - 8508 PSG (FMOx)                        Date   April 25, 2007

Title        Aaron Benay, et al. v. Warner Bros. Entertainment, et al.

Proc. § 339(1).[2] They contend that Plaintiffs' conduct and statements made in 2002 and 2003 demonstrate that the statute of limitations began to run upon Defendants' development - not release - of the Film. Defendants point to numerous letters exchanged between the parties which show Plaintiffs learned of Defendants' alleged use of Plaintiffs' ideas more than a year before the Film's release, and more than two years before Plaintiffs filed the complaint. One example includes the October 2003 letter, wherein Plaintiffs' former attorney Kulik alleged that Defendants' script "has destroyed the potential market value of [the Screenplay] ." (Def.'s SF, ¶ 2; Hedges Dec., Ex. C at 33).

Plaintiffs, on the other hand, argue that (1) there are triable issue as to whether Plaintiffs "believed" they had a claim before the release of the Film; (2) there are triable issues as to the intent of the parties; and (3) if settlement negotiations could trigger the statute of limitations, there are triable issues whether the statute of limitations commenced with the sending of the settlement letters at issue here. Plaintiffs also assert that California law is clear that the statute of limitations begins to run only with the public release of the film.

The Court finds that whether Plaintiffs' claim is barred by the statute of limitations involves a triable issue of fact. Specifically, Plaintiffs have raised a triable issue regarding the accrual date of the action. The pre-litigation correspondence sent by Kulik indicate that the claim hinged on whether Defendants "produced and distributed" a motion picture as opposed to whether they simply "produced" or "developed" material based on the allegedly stolen idea. On May 12, 2003, Kulik sent Defendants a draft complaint alleging that Bedford Falls "promised and agreed that if it produced and distributed a motion picture based on the ideas [Plaintiffs] had disclosed, it would pay [Plaintiffs] reasonable compensation and give them screen credit in accordance with motion industry custom and practice." (Hedges Dec., Ex. I at 46, ¶ 26). Moreover, the October 30, 2002 letter indicates that Plaintiffs had only a suspicion that the film

---

[2]Defendants also make the claim that as member of the Writers Guild of America ("WGA"), Plaintiffs are bound by the rule that a writer must be paid "within forty-eight (48) hours after the delivery of a completed story, treatment or original treatment, first draft of screenplay or draft of screenplay, as the case may be, but in no event shall any such payment be made later than seven (7) days after delivery of such material." (Hedges Dec., Ex. W). Defendants argue that Plaintiffs' claim is time-barred because they did not bring this action within two years of Defendants' failure to compensate them pursuant to WGA rules. Such claim has no merit. Plaintiffs only became member of the WGA in mid-2002, more than two years after the alleged submission of the Screenplay to Defendants. (Benay Dec., ¶ 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV-05 - 8508 PSG (FMOx) | Date | April 25, 2007 |
| Title | Aaron Benay, et al. v. Warner Bros. Entertainment, et al. | | |

being produced improperly used their material, rather than a fully formed breach of implied contract claim: "[T]hey fully intend to investigate the matter throughly and to pursue their rights in court if necessary. . . ." (Hedges Dec., Ex. D). Further evidence that Plaintiffs perceived the release date as the date of the breach is found in Benay's declaration:

> I do not believe that my brother and I were irreparably harmed until the Film was released in December, 2003. At any time up until the release date, Mr. Zwick could have elected to give us writing and/or producing credit and/or agreed to compensate us, thus eliminating the need for any litigation. Moreover, if the film was never released, we would not have been damaged. It is the release of the motion picture, not the script, that destroyed the marketability of our script
>
> . . .
>
> Although my brother and I possessed unconfirmed suspicions, we could not know that the Film was based on our screenplay until the Film was released . . . we elected to await the release of the Film . . . .

(Benay Dec., ¶¶ 7, 8).

Although Defendants characterize Plaintiffs' evidence as a "sham" and a "mockery," Plaintiffs' cited cases support the use of such evidence to raise a triable issue as to accrual of a breach of an implied contract claim. In *Blaustein v. Burton,* 9 Cal.App.3d 161, 186 (1970), the court noted that accrual "depends on the nature of respondent's obligation, if any, to appellant." The court then quoted extensively from the appellant's affidavit in opposition to a motion for summary judgment, and found that the appellant's statement raised an issue of fact turning on the manifested intent of the parties. *Id.* at 185-86. Citing *Blaustein* in reference to the plaintiffs' claim that Miramax had stolen his idea for the film *Shakespeare in Love,* the court in *Miller v. Miramax Film Corp.,* 2001 U.S. Dist. LEXIS 25967, *38 (C.D. Cal. 2001) concluded that "at a minimum, whether the plaintiffs' claim is barred by the statute of limitations involves a factual issue."

The Court declines, however, to hold that Plaintiffs' breach of implied contract cause of action accrued on the public release date. Despite Plaintiffs' assertion to the contrary, California case law does not establish a bright-line rule stating that a breach of implied contract claim begins with the public release of a film.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV-05 - 8508 PSG (FMOx)                              Date   April 25, 2007

Title   Aaron Benay, et al. v. Warner Bros. Entertainment, et al.

    In *Donahue v. United Artists Corp.*, 2 Cal.App.3d 794 (1969), a case involving idea theft for a television series and cited by Plaintiffs as the controlling case on the issue, the plaintiff sued a defendant television corporation for breach of implied contract when it aired a show entitled "Sea Hunt." *Id.* Three years earlier, the plaintiff had submitted to defendant a written format called "The Underwater Legion" with twelve story outlines and a screenplay. *Id.* After producing pilot films based on plaintiff's submission and screening them to two national advertising agencies for sponsorship, the defendant publicly aired "Sea Hunt" on television. *Id.* The court held that the private auditioning of pilots to advertising agencies was not the type of "use" that would trigger the statute of limitations. *Id.* at 802. In so holding, the *Donahue* court distinguished *Thomson v. California Brewing Co.*,150 Cal.App.2d 469, 477 (1957), where extensive newspaper advertising to "a substantial segment of the public in two metropolitan centers" did trigger the statute of limitations. Citing *Thomson*, the court noted that "a disclosure of that kind would certainly destroy any further marketability of the idea." *Donahue*, 2 Cal.App.3d at 801-802 (quoting *Thomson*, 150 Cal.App.2d at 510).

    *Miller* also involved an allegation of idea theft, but for a film rather a television series. *Miller*, 2001 U.S. Dist. LEXIS 25967. There, the plaintiffs alleged that Miramax's motion picture *Shakespeare in Love* was based on plaintiffs' screenplay about Shakespeare. *Id.* Citing *Donahue*, the court held that the two year statute of limitations did not bar plaintiffs' breach of implied contract claim because the statute did not begin to run until the date of the film's release to the public. *Id.* at *37.

    In *Blaustein*, the idea was disclosed in 1964 but the offending work, a film version of Shakespeare's *The Taming of the Shrew* was not released to the public until 1967. *Blaustein*, 9 Cal.App.3d at 167, 172. Although it did not hold that the release date triggered the statute of limitations, the court of appeal nevertheless found it "impermissible to find on motion for summary judgment that appellant's cause of action is barred by the two year statute of limitations." *Id.* at 187. The court reasoned that "the trier of fact might conclude that the date of release of the picture to the general public was the use intended by the parties to trigger respondents' obligation to pay." *Id.*

    Like *Blaustein*, Plaintiffs in the instant case have presented evidence such that "the trier of fact might conclude that the date of release of the picture to the general public was the use intended by the parties to trigger [Defendants'] obligation to pay." *Id.* Accordingly, the Court holds that whether Plaintiffs' claim is barred by the statute of limitations involves a factual issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV-05 - 8508 PSG (FMOx) | Date | April 25, 2007 |
| Title | Aaron Benay, et al. v. Warner Bros. Entertainment, et al. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants Motion for Partial Summary Judgment.

Initials of Preparer