QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  George R. Hedges (Bar No. 081873)
  Jeffery D. McFarland (Bar No. 157628)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:        georgehedges@quinnemanuel.com
                  jeffmcfarland@quinnemanuel.com

BAKER MARQUART CRONE & HAWXHURST LLP
  Jaime W. Marquart (Bar No. 200344)
  Daryl M. Crone (Bar No. 209610)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (310) 575-3800
Facsimile:  (310) 575-3802
Email:        jmarquart@bmchlaw.com
                  dcrone@bmchlaw.com

Attorneys for Defendants
Warner Bros. Entertainment, Inc., Radar Pictures,
Inc., Bedford Falls Company (erroneously sued as
Bedford Falls Productions, Inc.), Edward Zwick,
Marshall Herskovitz and John Logan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AARON BENAY, an individual, *et al.*,<br><br>                  Plaintiffs,<br><br>          v.<br><br>WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, *et al.*,<br><br>                  Defendants. | CASE NO. CV 05-8508 PSG (FMOx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE AND/OR LIMIT TESTIMONY FROM ATTORNEYS GLEN KULIK AND GEORGE HEDGES;**<br><br>**DECLARATION OF JAIME W. MARQUART**<br><br>Date:    March 11, 2008<br>Time:   9:00 a.m.<br>Ctrm.:  790 |

{00009003.DOC - v1}

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiffs move *in limine* to exclude all testimony from their former attorney, Glen Kulik, despite the fact that he is a material witness on the subject of when the limitations period for Plaintiffs' implied-in-fact contract claim began to run. Specifically, Mr. Kulik wrote a series of pre-suit demand letters to several of the Defendants demonstrating that Plaintiffs believed they possessed an implied contract claim more than two years before they filed this action. Thus, even if Mr. Kulik's letters otherwise had recited a settlement offer—which they did not— his testimony and the demand letters themselves would nonetheless remain admissible pursuant to the clear terms of <u>Fed. R. Evid.</u> 408.

Plaintiffs also advance the specious allegation that Defendants' lead trial counsel, George Hedges, intends to offer legal opinions at trial, even though Defendants have <u>never</u> represented that they intend to call Mr. Hedges as a witness. Instead, it is the Plaintiffs who have consistently indicated that they intend to offer improper "expert" and legal opinions from their own counsel, Mr. Kulik. Defendants agree that any such opinion would be highly inappropriate. Moreover, Plaintiffs failed to disclose Mr. Kulik as a potential expert witness, and failed to produce an expert report for him. Thus, it appears that the only order which may be required is one precluding the Plaintiffs from introducing the expert testimony of their own counsel at trial. Plaintiffs' motion should be denied in its entirety.

1

**Argument**

2

3    I.    **GLEN KULIK'S TESTIMONY IS ADMISSIBLE TO DEMONSTRATE**

4          **WHEN THE STATUTE OF LIMITATIONS ON PLAINTIFFS'**

5          **IMPLIED CONTRACT CLAIM BEGAN TO RUN**

6

7                 Plaintiffs seek a blanket preclusion of any statements they made to their

8    former attorney, Glen Kulik, concerning this matter, utterly ignoring that it is their

9    *current* attorneys who initially invited inquiry on the subject.  It is they who sought

10   Mr. Kulik's deposition in the first place, when the Court ordered limited discovery at

11   the onset of this action, regarding when the statute of limitations began to run on

12   Plaintiffs' implied-in-fact contract claim.  (See Declaration of Jaime Marquart,

13   Exh. A at 2:10-14.)  Having insisted upon their counsel's deposition on the

14   limitations issue, Plaintiffs cannot claim now that Mr. Kulik's testimony is somehow

15   irrelevant or entirely privileged from disclosure at trial.  To the contrary, Plaintiffs

16   themselves evidently intend to elicit testimony from Mr. Kulik regarding "what his

17   clients believed to be the use [by Defendants of Plaintiffs' script] intended to trigger

18   defendants' obligation to pay."  See Motion at 4:28-5:1.

19                 In any event, Defendants have no intention of eliciting testimony

20   regarding Plaintiffs' communications with their former counsel (and Plaintiffs

21   themselves are barred from doing so given their assertion of privilege during

22   discovery).  However, Mr. Kulik's testimony is highly relevant to explain the

23   numerous pre-litigation demand letters and draft Complaint which he sent to several

24   of the Defendants (see Motion, Exh. A), and why Plaintiffs thereafter failed to

25

26

27

28

1  timely bring suit.[1]  Indeed, in its April 25, 2007 Order denying Defendants' motion

2  for summary judgment on the statute of limitations issue, the Court ruled that the

3  jury must determine whether the pre-litigation letters sent by Plaintiffs' former

4  counsel demonstrate that Plaintiffs expected to be paid for the alleged use of their

5  script prior to the public release of Defendants' film, on December 5, 2003.

6  (Marquart Decl., Exh. C at 6.)

7          Plaintiffs nonetheless argue that Mr. Kulik's letters should be barred in

8  their entirety because they purportedly constitute "settlement communications."  See

9  Motion at 3:25-4:13.  In fact, as also discussed in Defendants' opposition to

10  Plaintiffs' Motion in Limine No. 1, Mr. Kulik's letters nowhere evidence any offer to

11  compromise.[2]  Instead, they reflect only Plaintiffs' repeated demands for evidence

12  supporting Defendants' claim of independent creation.  Of course, merely because

13

14  _____

15      [1] Plaintiffs served a trial subpoena on Mr. Hedges in retaliation for Defendants'

16  issuance of a trial subpoena to Mr. Kulik.  See Motion at 3:4-9.  However, the

17  relevant issue is when Plaintiffs first believed they possessed an implied-in-fact

18  contract claim.  Mr. Hedges' testimony is entirely irrelevant to that question, even if

18  some of the pre-suit correspondence was exchanged between him and Mr. Kulik.

19  (See Motion, Exh. A.)  Accordingly, Defendants intend to present a motion to quash

19  the subpoena directed to Mr. Hedges, on the first day of trial.

20      [2] Similarly, Mr. Kulik confirmed at his deposition that the Plaintiffs had engaged

21  him to pursue an existing claim in 2002, more than three years before this case was

21  filed.  In his own words, Mr. Kulik was hired "[t]o either get the matter settled short

22  of litigation or if I was unable to accomplish that, then to consider the filing of a

22  lawsuit."  (Marquart Dec., Exh. B at 5:22-6:3.)  Mr. Kulik also acknowledged that,

23  as early as 2002, his clients had obtained a draft of the script for The Last Samurai,

24  which was purportedly similar to their own script, and that they subsequently

24  received what was represented to be the film's shooting script.  (Id. at 40:7-24; 50:9-

25  24.)  He also testified that, as a matter of industry custom and practice, writers

26  receive payment upon delivery of a script and credit determinations are made before

26  the release of a film.  (Id. at 26:7-16; 62:15-63:13.)  None of these matters concern

27  any supposed "offer of compromise" protected by Rule 408.

28

1  Plaintiffs hoped for a large, pre-litigation settlement does not render inadmissible

2  their counsel's letters threatening an action.

3      In addition, even if Mr. Kulik's correspondence did evidence an "offer

4  to compromise," the letters would nonetheless be admissible for the purpose of

5  demonstrating when Plaintiffs first believed they possessed a claim.  <u>See</u>, <u>e.g.</u>,

6  <u>Rhoades v. Avon Products, Inc.</u>, 504 F.3d 1151, 1161 (9th Cir. 2007) ("Rule 408,

7  however, does not bar such evidence when 'offered for [other] purposes ... [such as]

8  proving a witness's bias or prejudice.'");  <u>Kraft v. St. John Lutheran Church of</u>

9  <u>Seward</u>, 414 F.3d 943, 947-48 (8th Cir. 2005) (affirming admission of settlement

10  communications to determine when the plaintiff first knew he possessed a claim, in

11  order to determine when the statute of limitations began to run).  That is why, in its

12  April 25, 2007 Order, the Court overruled Plaintiffs' <u>Rule</u> 408 objection to such

13  evidence.  (Marquart Decl., Exh. C at 2 n.1.)  The Court should reach the same

14  conclusion now.

15

16  **II.    <u>GLEN KULIK CANNOT OFFER EXPERT TESTIMONY OR A</u>**

17  **<u>LEGAL OPINION AT TRIAL</u>**

18

19      Plaintiffs also seek to preclude Mr. Hedges from testifying as an expert

20  witness at trial (<u>see</u> Motion at 4:15-6:14), notwithstanding the fact that

21  (1) Defendants never prepared and served an expert report disclosing Mr. Hedges as

22  an expert witness, and (2) Defendants did not disclose Mr. Hedges as a potential

23  trial witness during the parties' conference of counsel pursuant to <u>Local Rule</u> 16-4.

24  (Marquart Dec., ¶ 3.)  Instead, it was the Plaintiffs who, at the onset of this case,

25  submitted a declaration from *their counsel*, Mr. Kulik, reciting legal opinions and

26  alleged expert opinions on the subject of when the statute of limitations began to run

27  on Plaintiffs' implied-in-fact contract claim.  (<u>See</u> Marquart Dec., Exh. A at

28  Declaration of Glen Kulik attached thereto.)  Defendants agree that such testimony

would be wholly improper, and, given that Plaintiffs never prepared an expert report disclosing Mr. Kulik as an expert witness (see Marquart Dec., ¶ 4), that testimony unquestionably must be barred.  Accordingly, the only order that may be required is one precluding the Plaintiffs from eliciting opinion testimony from their own counsel.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion in its entirety.

DATED:  February 15, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

BAKER MARQUART CRONE & HAWXHURST LLP

By___/s/ George R. Hedges_____
George R. Hedges
Attorneys for Defendants Warner Bros. Entertainment, Inc., Radar Pictures, Inc., Bedford Falls Company (erroneously sued as Bedford Falls Productions, Inc.), Edward Zwick, Marshall Herskovitz and John Logan