DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
JAMES M. PEARL (S.B. #198481)
jpearl@omm.com
BRIAN FINKELSTEIN (S.B. #261000)
brianfinkelstein@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Defendants
WARNER BROS. ENTERTAINMENT
INC. and JOHN LOGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BENAY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WARNER BROS.<br>ENTERTAINMENT INC., *et al.*,<br><br>　　　　　Defendants | Case No. CV05-8508 PSG (FMOx)<br><br>**DEFENDANTS WARNER BROS. ENTERTAINMENT INC. AND JOHN LOGAN'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Hearing Date: May 7, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 880<br>Judge: Hon. Philip S. Gutierrez |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 7, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Philip S. Gutierrez, United State District Court Judge, in Courtroom 880 in the Edward R. Roybal Building, 255 East Temple Street, Los Angeles, California, 90012, defendants Warner Bros. Entertainment Inc. and John Logan ("Warner Defendants") will and hereby do move the Court for an entry of final judgment on plaintiffs' claims against Warner Defendants. This motion is brought pursuant to Federal Rule of Civil Procedure 54(b), and is based on the presence of a final decision adjudicating all the rights and liabilities of two parties (the Warner Defendants) in a multi-party litigation and on the absence of a just reason for delay in the entry of judgment.

On February 13, 2012, the Court held a hearing on the Warner Defendants' motion for summary judgment. The next day, the Court entered an Order that held, in part, that "[s]ummary judgment is GRANTED in favor of Defendants Warner Bros. and Logan in light of Plaintiffs' failure to plead any theory of privity in the [First Amended Complaint] and amend their discovery responses, and because privity with Bedford Falls does not extend to Logan under *Donahue*." *See* Feb. 14, 2012 Order (Docket No. 326) at 16. The Order dismissed all of the remaining claims brought by plaintiffs Aaron Benay and Matthew Benay against the Warner Defendants. The Warner Defendants have no pending counter claims or cross claims in this matter. The Order fully adjudicated the rights and liabilities of the Warner Defendants in this litigation and the Court should enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities; the declarations and other evidence filed concurrently herewith; the pleadings and other records on file in this action; and on such further evidence and arguments as the Court may consider at or before the hearing on this motion. This motion is made following the conference of counsel

pursuant to Local Rule 7-3 and Judge Gutierrez's Standing Order Regarding Newly Assigned Cases ¶ 5(b), which began on February 26, 2012, and concluded on March 12, 2012. The Warner Defendants' counsel sent plaintiffs' counsel several e-mails during this time in an attempt to meet and confer on this motion and the Warner Defendants' desire to obviate the need to bring this motion by instead filing a joint stipulation. *See* Declaration of James Pearl, ¶¶ 3-5. Plaintiffs' counsel ignored these e-mails.

Dated: March 12, 2012          O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Defendants Warner Bros. Entertainment Inc. and John Logan

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After six years of litigation, this Court recently dismissed plaintiffs' only remaining claim against Warner Bros. Entertainment Inc. and John Logan (the "Warner Defendants"), fully adjudicating all of the Warner Defendants' rights and liabilities in this matter. In the interest of concluding this litigation in a just, prompt, and economical fashion, and given the discrete nature of the claims against the Warner Defendants, the Warner Defendants ask the Court to make an express determination pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and to expressly direct the Clerk of the Court to enter final judgment in favor of the Warner Defendants.

## II. BACKGROUND

Plaintiffs Aaron Benay and Matthew Benay filed this suit in 2005 alleging that the script for the motion picture entitled *The Last Samurai* was copied from plaintiffs' screenplay. *See* Compl. (Docket No. 1); First. Am. Compl. (Docket No. 24). In 2008, this Court dismissed plaintiffs' then-remaining claims for copyright infringement, breach of implied-in-fact contract, and intentional interference with prospective economic advantage. *See* March 14, 2008 Order (Docket No. 176). On appeal, the Ninth Circuit affirmed the dismissal of the copyright infringement claim and reversed and remanded on the breach of implied-in-fact contract claim (plaintiffs did not appeal from the dismissal of the interference claim). *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 622 (9th Cir. 2010).

In December 2011 the Warner Defendants moved for summary judgment on plaintiffs' implied-in-fact contract claim. The Court heard the motion on February 13, 2012, and, the next day, granted "[s]ummary judgment . . . in favor of Defendants Warner Bros. and Logan in light of Plaintiffs' failure to plead any theory of privity in the [First Amended Complaint] and amend their discovery responses, and because privity with Bedford Falls does not extend to Logan under

*Donahue.*" *See* Feb. 14, 2012 Order (Docket No. 326) at 16. The Order dismissed plaintiffs' only remaining claim against the Warner Defendants. The Warner Defendants have no pending counter claims or cross claims in this matter. *See* Declaration of James Pearl ¶ 2. The Order fully adjudicated all the rights, claims, and liabilities as between plaintiffs and the Warner Defendants in this litigation.[1]

## III. ENTRY OF FINAL JUDGMENT IS APPROPRIATE UNDER RULE 54(B).

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." District courts may direct entry of a final judgment where there is (a) "a final judgment" and (b) "no just reason for delay." *See Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7-8 (1980) (*quoting Sears, Roebuck and Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "[I]ssuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067-68 n.6 (9th Cir. 2002); *see also Curtiss-Wright,* 446 U.S. at 10 ("the discretionary judgment of the district court should be given substantial deference").

### A. The Summary Judgment Order Is A Final Judgment.

In order to enter a final judgment pursuant to Rule 54(b), a decision must be "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (*quoting Sears*, 351 U.S. at 436). An order granting summary judgment adjudicating all claims related to one party of a multi-party litigation, as here,

---

[1] Plaintiffs still have one pending claim—for breach of implied-in-fact contract—against defendants the Bedford Falls Company ("Bedford Falls"), Edward Zwick, and Marshall Herskovitz (collectively, the "Bedford Defendants").

satisfies this requirement. *See* FED. R. CIV. PROC. 54(b); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (affirming the entry of final judgment pursuant to Rule 54(b) against some, but not all, parties in a multi-party litigation following summary judgment); *Milne v. Stephen Slesinger, Inc.*, No. CV 02-08508, 2004 U.S. Dist. LEXIS 31063, at *12 (C.D. Cal. Nov. 12, 2004) (entering final judgment, in part, because "[a]ll claims against one party . . . have been adjudicated").

In *Milne*, for example, plaintiffs requested declaratory relief adjudicating the validity of two copyright termination notices that sought to reclaim a copyright interest in several works featuring Winnie the Pooh. *Milne*, 2004 U.S. Dist. LEXIS 31063, at *5-6. One termination notice was issued by plaintiff Clare Milne, the granddaughter of Winnie the Pooh author A. A. Milne, and the second was issued by the granddaughter of Winnie the Pooh's illustrator. *Id.* The court determined that Ms. Milne's termination notice was invalid, but did not rule on the other notice advanced by Ms. Milne's co-plaintiff. *Id.* Ms. Milne sought entry of final judgment pursuant to Rule 54(b) on her claim, and the court held that "[a]ll claims against one party -- Plaintiff Milne -- have been adjudicated" and ordered entry of final judgment. *Id.*, at *11-13.

### B. There Is No Just Reason For Delay.

In deciding whether there is "no just reason for delay" under Rule 54(b), the Court should consider "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. In a multi-party litigation, a Rule 54(b) judgment is appropriate if it will aid in efficient judicial administration and expeditious resolution of the remaining claims. *See Alcan Aluminum Corp.*, 689 F.2d at 817 (affirming the entry of final judgment under Rule 54(b) against some but not all parties in a multi-party litigation, in part, because it "may make further litigation between either of those parties and the [remaining litigant] unnecessary[,] may facilitate settlement of the remaining claims, and it may well aid the

expeditious decision of those claims if they are not settled"); *Milne*, 2004 U.S. Dist. LEXIS 31063, at *12 ("[i]n determining whether there is any just reason for delay, the Court considers judicial economy"). The Court should also consider the economic consequences of delaying judgment. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc.*, No. CV 09-3220, 2011 U.S. Dist. LEXIS 54100, at * 7 (C.D. Cal. May 9, 2011) (*citing Curtiss-Wright*, 446 U.S. at 8-12).

Entry of final judgment in favor of the Warner Defendants serves the goal of efficient judicial administration. The Court's February 14, 2012 summary judgment ruling adjudicated all of the claims against the Warner Defendants and the Warner Defendants have no pending cross claims or counter claims. Plaintiffs' former claims against the Warner Defendants on the one hand, and their current claims against the Bedford Defendants on the other hand, are factually[2] and legally[3]

---

[2] Plaintiffs will need to prove the following facts in order to succeed against the Bedford Defendants: (a) plaintiffs' agent pitched their script to Richard Solomon at Bedford Falls; (b) that Mr. Solomon received the pitch; (c) that before the pitch, plaintiffs' agent clearly conditioned the disclosure on Bedford Falls, Marshall Herskovitz, and Edward Zwick's agreement to pay for the ideas in the pitch if they used them; (d) that Bedford Falls, Mr. Herskovitz, and Mr. Zwick knew or should have known the conditions of the disclosure before it was made, (e) that Mr. Solomon voluntarily accepted the pitch on behalf of Bedford Falls, Mr. Herskovitz, and Mr. Zwick on plaintiffs' terms and thereby impliedly agreed, on behalf of Bedford Falls, Mr. Herskovitz, and Mr. Zwick, to pay plaintiffs for any use of their ideas; and (f) that in creating the script for *The Last Samurai*, Bedford Fall, Mr. Herskovitz, and Mr. Zwick actually used plaintiffs' ideas. *See Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628, 647 n.6 (1982). Plaintiffs' allegations against the Warner Defendants relied on none of these facts.

[3] Plaintiffs' case against the Bedford Defendants relies, in large part, on whether an employee of a company can bind that company and its principals to an implied-in-fact contract. *See* Bedford Defendants' Mot. for Summ. J. (Docket No. 272) at 13-16; Plaintiffs' Opp. to Bedford Defendants' Mot. for Summ. J. (Docket No. 289) at 4-18; Bedford Defendants' Rep. ISO Mot. for Summ. J. (Docket No. 297) at 2-8. In contrast, plaintiffs' case against the Warner Defendants turned, in part, on (i) whether Dan Cracchiolo at Silver Pictures was an agent of Warner Bros., (ii) whether the agent of an agent can bind a principal to an implied-in-fact idea-submission contract, and (iii) whether a lawyer's demand letter can create *post hoc* privity of contract. *See* Warner Defendants' Mot. for Summ. J. (Docket No. 271) at 18-23; Plaintiffs' Opp. to Warner Defendants' Mot. for Summ. J. (Docket No. 278) at 12-23; Warner Defendants' Rep. to Plaintiffs' Opp. to Warner

distinct and easily severable.  Simply stated, there is nothing left for the Warner Defendants to litigate and no reason for this litigation to continue for them.  *See Alcan Aluminum Corp.*, 689 F.2d at 817; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).

In considering entry of a final order pursuant to Rule 54(b), Courts consider whether the order will lead to undesirable and tangled "piecemeal appeals." *Texaco*, 939 F.2d at 797.  Any appeal plaintiffs may bring will be litigated on issues and circumstances unique to the Warner Defendants.  If plaintiffs appeal from the Order, they will likely appeal the Court's dismissal of plaintiffs' claims because they failed "to plead any theory of privity . . . and amend their discovery responses" to disclose evidence and legal theories that they attempted to rely upon.  Feb. 14, 2012 Order (Docket No. 326) at 16.  Since the Court did not make any similar ruling with respect to Bedford Falls, and is unlikely to make such a ruling in the future, there would be no significant overlap between an appeal from the Warner Defendants' summary judgment Order and any potential appeal involving the Bedford Defendants.  To the contrary, by separating the Warner Defendants' summary judgment decision from the remainder of the case, the court of appeals will face more orderly and manageable appeals since each potential appeal will be focused on separate and independent factual and legal issues.  No single issue will be appealed more than once.

Moreover, the interests of fairness and substantial justice militate in favor of the immediate entry of a final judgment in favor of the Warner Defendants.  Given the absence of any claims against them, the Warner Defendants should not be forced nonetheless to guard their interests by continuing to participate in this litigation, having to make hard choices about their level of participation.  At a minimum, the mere possibility that the Warner Defendants might be brought back into this litigation at some future date would require them to monitor the progress

Defendants' Mot. for Summ. J. (Docket No. 294) at 1-10.

of the case and perhaps attend the upcoming hearings and/or trial scheduled in this matter.[4] Warner Defendants have already expended considerable defense costs litigating this matter since 2005; it would be unfair to keep the Warner Defendants in legal limbo. *See Nat'l Union Fire Ins*, 2011 U.S. Dist. LEXIS 54100, at *7 (recognizing that district courts should consider "the economic consequences of delaying judgment").

## IV. CONCLUSION

For the foregoing reasons, the Warner Defendants respectfully request that the Court enter an order making an express determination that there is no just reason for delaying entry of final judgment on the Court's February 14, 2012 Order granting summary judgment to the Warner Defendants on all claims, and expressly directing entry of said judgment forthwith.

Dated:   March 12, 2012          O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
    Daniel M. Petrocelli

Attorneys for Defendants Warner Bros. Entertainment Inc. and John Logan

---

[4] It is possible, for example, that the upcoming trial will end in a mistrial, necessitating additional litigation, hearings, motions, and trials. Given this, the nearness of trial is no reason not to enter final judgment pursuant to Rule 54(b).